**COMMONWEALTH of Kentucky, Robert Matthews, Attorney General, et al., Appellants,**

v.

**James HALLAHAN, County Court Clerk of Jefferson County, et al., Appellees.**

Court of Appeals of Kentucky.

May 28, 1965.

Robert Matthews, Atty. Gen., Henri L. Mangeot, Asst. Atty. Gen., for appellants.

E. P. Sawyer, Jefferson County Atty., Kenneth B. Kusch, Michael M. Hellmann, Louisville, for appellees.

PALMORE, Judge.

The question in this case is whether that portion of Senate Bill 22 enacted in 1964 (c. 21, Acts of 1964) which now appears as KRS 2.015 impliedly amends KRS 402.-210 by reducing from 21 to 18 the age at which a person can obtain a marriage license without the consent of parent or guardian. The circuit court held that it does. Our conclusion is that it does not.

KRS 402.210 provides that if "either of the parties is under twenty-one years of age and not before married, no license shall issue without the consent of his or her father or guardian," etc.

S. B. 22 as finally enacted consisted of six sections. KRS 2.015 is Section 1, and reads as follows:

"Persons of the age of eighteen years are of the age of majority for all purposes in this Commonwealth except for the purchase of alcoholic beverages and for purposes of care and treatment of handicapped children, for which twenty-one years is the age of majority."

Had the act stopped right there, we probably would have no difficulty with regard to its effect on KRS 402.210 (though very much at sea with respect to various other statutes). But the remaining sections of the bill go on to amend expressly each of five specific statutes by substituting "eighteen" for "twenty-one." These statutes are KRS 385.010 (Uniform Gift to Minors Act), KRS 389.010 (sales of realty of persons under disability), KRS 394.020 and 394.030 (power to make wills), and KRS 405.390 (adoption of adults).

■ If Section 1 of the act has the effect of amending KRS 402.210 without referring to it, it would have had the same effect on the statutes mentioned in the remaining sections, and sections 2 through 6 therefore serve no purpose. We are disin-

clined to believe that there was no legislative purpose in the addition of these sections to the bill.[1] If we are wrong, the misconception is easily remediable by the legislature itself.

■ "Before a statute will be considered amended by implication by a later statute, the two statutes must be repugnant to each other and be irreconcilable, or the latter act must cover the whole subject of the earlier act." Hallahan v. Sawyer, Ky., 390 S.W.2d 664 (decided May 18, 1965).

In Fiscal Court of Jefferson County v. City of Anchorage, Ky., (decided May 7, 1965), we held that the transfer of zoning power from cities of the sixth class to the fiscal courts necessarily carried with it all of the statutory functions theretofore exercised in that field by the legislative bodies of such cities. That was a clear case of irreconcilability. In Lincoln Bank & Trust Company v. Queenan, Ky., 344 S.W.2d 383 (1961), it was held that enactment of the Uniform Commercial Code (KRS Ch. 355) removed, by implication, certain transactions from the operation of KRS 382.270 and 382.330. That was because the obvious intent of the new enactment was to pre-empt the field of commercial transactions.

In the Lincoln Bank & Trust Company opinion it was recognized that it would scarcely have been possible to ferret out in advance all of the myriad provisions of pre-existing law that would be affected by the act. But we do not believe that situation exists in this case. When it comes to dealing with such a subject as the age of majority, the question of marriage looms as big as an elephant. It could not be missed except on purpose. We think the legislature missed the question of matrimony for the reason that it so intended.

■ In the statutory law of this state there are several references to the specific

---

1. See 1964 Journal of the Senate, pp. 56–70, 91–93, showing that Sections 2 through 6 were added after introduction of the bill.

age of 21 years. See, for example, KRS 271.025 (formation of corporations and ownership of stock), KRS 395.005 (qualifications of fiduciaries), KRS 423.010 (qualifications of notaries public), KRS 435.100 (statutory rape), and KRS 435.010 (seduction under promise of marriage). We cannot think the legislature intended to amend these sections by S.B. 22. So far as Section 1 (KRS 2.015) is concerned, it can apply only where the statutes do not designate age in terms of a precise number of years.

Fortunately, we are not called upon (as yet) to determine just what KRS 2.015 does cover. There are numerous statutory references to "infants," "minors" and "adults" to which it has possible application. Cf. KRS 199.470 (petition for adoption may be filed by any "adult person"), KRS 387.020 (appointment and removal of, and settlement of accounts by, "guardians to minors"), KRS 391.020 (descent of real estate on death of an "infant" without issue), KRS 405.010, 405.020, and 405.080 (rights and duties of parent and child, in which the terms "minor child," "dependent adult children," and "adult person" are used), and KRS 411.150 (giving a right of action to the widow and "minor child" of a person killed by wrongful use of a deadly weapon). See also KRS 402.-080, which says that a marriage license must issue in the county in which the female resides unless she is "of full age" or a widow.

Also to be considered is the area of case law, involving such matters as the family purpose doctrine and the avoidance of contracts. It is readily apparent that there is a broad and fertile area of future litigation arising out of the vague and sweeping terminology of this statutory effort to simplify something that is not simple. It moves us to suggest that it would be very desirable for the legislature either to clarify or eliminate KRS 2.015 at the earliest opportunity.

Reversed with directions that a judgment be entered in accordance with this opinion.