FISCAL COURT COMMISSIONERS OF JEFFERSON COUNTY, Kentucky, Sylvia Watson, Earl J. Hartlage and Charles I. Horton, Appellants,

v.

JEFFERSON COUNTY JUDGE/EXECUTIVE Mitch McConnell, Appellee.

and

Mitch McCONNELL, County Judge/Executive of Jefferson County, Cross-Appellant,

v.

FISCAL COURT COMMISSIONERS OF JEFFERSON COUNTY, Kentucky, Sylvia Watson, Earl J. Hartlage and Charles I. Horton, Cross-Appellees.

Court of Appeals of Kentucky.

April 17, 1981.

Stuart L. Adams, Jr., Asst. County Atty., Louisville, for appellants-cross-appellees.

Charles R. Simpson, III, Louisville, for appellee-cross-appellant.

Before COOPER, GUDGEL and VANCE, JJ.

GUDGEL, Judge.

In this appeal, we are asked to resolve a dispute which arose because the legislature enacted KRS 67.710 at its 1976 Extraordinary Session. The trial court adjudged that although KRS 67.710(8) vested the Jefferson County Judge/Executive with the sole authority to make appointments to, or to remove members from, all boards, commissions and designated administrative positions in that county, the statute also requires that such appointments be approved by the Jefferson Fiscal Court. The court also adjudged, however, that the requirement of fiscal court approval is not effective until the requirement is made part of a county administrative code or county charter.

Prior to 1976, there were several statutes and ordinances reserving to the Jefferson County Judge the sole and exclusive authority to appoint all the members of several of that county's boards and commissions. Others reserved such authority solely to the Jefferson Fiscal Court as a whole, while still others vested the county judge with a power of appointment which was subject to fiscal court approval.

After the voters approved a new judicial article in November of 1975, the Governor issued a call for an Extraordinary Session of the General Assembly for the purpose of enacting legislation necessary to implement it. Among the bills passed during that session was SB 18, which became effective January 2, 1978, and which is now codified as KRS 67.710. The portions of the statute relevant to this appeal state as follows:

67.710. Powers and duties.—The county judge/executive shall be the chief executive of the county and shall have all the powers and perform all the duties of an executive and administrative nature vested in, or imposed upon, the county or its fiscal court by law, or by agreement with any municipality or other subdivision of government, and such additional powers as are granted by the fiscal court. The county judge/executive shall be responsible for the proper administration of the affairs of the county placed in his charge. His responsibilities shall include, but are not limited to, the following:

. . . .

(2) Prepare and submit to the fiscal court for approval an administrative code incorporating the details of administrative procedure for the operation of the county and review such code and suggest revisions periodically or at the request of the fiscal court;

. . . .

(8) With the approval of the fiscal court, make appointments to or remove members from such boards, commissions, and designated administrative positions as the fiscal court, charter, law or ordinance may create. The requirement of fiscal court approval must be designated as such in the county administrative code or the county charter.

Appellee was elected Jefferson County Judge/Executive in November of 1977. After he assumed office on January 2, 1978, he asked for the resignation of the members of various Jefferson County boards and commissions appointed by his predecessor in

office, and proceeded to appoint 26 new members of those boards and commissions. None of the appointments were submitted to the Jefferson Fiscal Court for approval.

Appellants, the three elected commissioners of the Jefferson Fiscal Court, filed this action on August 15, 1978, seeking a declaration of rights. Specifically, they sought an adjudication that KRS 67.710(8) requires that the fiscal court approve all appointments to and removals from county boards and commissions made by the County Judge/Executive; a declaration that any appointment made without fiscal court approval is void; a declaration that any person whose appointment was void is removed from office, but any actions taken by him are valid; a declaration that any previous appointees who were removed prior to the expiration of their original term stand reinstated; a declaration that the office of those appointees whose terms have expired since they were appointed be considered vacant; and a declaration that in making new appointments and filling vacancies the county judge/executive's exercise of that power is subject to fiscal court approval.

Appellee filed an answer and counterclaim. He sought a declaration that the fiscal court's right to approve any appointments was not effective until such time as the requirement of approval was designated in the county's administrative code or charter; and a declaration that KRS 67.710(8) did not affect any pre-existing statute or fiscal court resolution which did not require that his appointments be approved by fiscal court.

Both sides made motions for summary judgment, and after oral argument, the matter was submitted to the court on briefs. On January 10, 1980, the court rendered an opinion and judgment which adjudicated that the rights of the parties were as follows:

1. Pursuant to KRS 67.710(8), The County Judge/Executive is vested with the sole authority to make appointments to or remove members from all boards, commissions, and designated administrative positions as the fiscal court, charter, law or ordinance may create, which includes all such boards, commissions, and designated administrative positions in existence on January 2, 1978, subject to the approval of the fiscal court. The requirement of fiscal court approval must be designated as such in the county administrative code or the county charter.

The parties made motions to make additional findings and to alter or amend the judgment. On March 31, 1980, the court entered an additional order overruling the motions to make additional findings and to alter or amend the judgment because "Fiscal Court approval set forth in *KRS 67.710(8)* is not effective until such time as said requirements have been designated as such in the county administrative code or county charter."

Therefore, the precise issues raised by these appeals are:

I. Whether the trial court erred in holding that the requirement of fiscal court approval set forth in KRS 67.710(8) is not effective until such time as the said requirement has been designated as such in the county administrative code or the county charter; *and*

II. Whether the trial court erred in holding that *all* appointments to or removals from boards, commissions and designated administrative positions by the county judge/executive must be approved by the fiscal court, including all boards, commissions and designated administrative positions in existence on January 2, 1978.

Proper resolution of these issues depends upon our application of settled rules of statutory construction. We turn now to that task.

**I**

Originally, the court found that the parties conceded that Fiscal Court approval

of appointments to boards and commissions was not necessary until such time as that requirement was designated as such in the county's administrative code or charter. When appellants pointed out that they had never made such a concession, the court proceeded to make an adjudication to that effect in its order overruling appellants' motion to alter or amend the judgment. We hold that the court erred in this determination.

The cardinal rule of statutory construction is that the intention of the legislature should be ascertained and given effect. *Fiscal Court of Jefferson County v. Louisville*, Ky., 559 S.W.2d 478 (1977). In determining legislative intent, we may not look beyond the language of the statute unless the legislative intent is not discernible from the language used. *Princess Manufacturing Company v. Jarrell*, Ky., 465 S.W.2d 45 (1971). However, a court may not speculate as to what the legislature intended. *Kentucky Ass'n, Etc. v. Jefferson Cty. Medical Soc.*, Ky., 549 S.W.2d 817 (1977).

We find nothing in the language of the statute warranting the court's finding that the requirement of fiscal court approval was not intended by the legislature to be effective until such time as the requirement is designated in a given county's administrative code or charter. On the contrary, we believe that the language of KRS 67.710 manifests an opposite intent. The relevant portions of KRS 67.710 quoted above define the powers and duties of county judge/executives as of January 2, 1978. Subsection (2) of the statute expressly states that his responsibilities include preparing and submitting an administrative code to fiscal court for approval. No other reference to this responsibility is contained in KRS 67.-710, except in subsection (8) dealing with appointments to and removals from boards and commissions. In this connection, subsection (8) of the statute merely states that "the requirement of fiscal court approval must be designated as such in the county administrative code or the county charter."

As we view it, this sentence was added to subsection (8) merely for the purpose of insuring that a given county's administrative code will spell out that fiscal courts have a right to approve appointments made by county judge/executives to boards and commissions. However, to find, as did the court below, that the language used was intended to make the existence of an administrative code a condition precedent to the fiscal court's right to exercise its power of approval is unwarranted.

In the first place, no express language capable of such a construction was included in KRS 67.710(8). Therefore, the court's construction of the statute was necessarily based to some extent on speculation and surmise. This, the court was not permitted to do. *Kentucky Ass'n., Etc. v. Jefferson Cty. Medical Soc., supra.* Secondly, such a construction of the statute would require us to find that the legislature intended to permit a county judge/executive to defeat the right of approval conferred upon fiscal court by failing to comply with his responsibility under the statute to prepare and submit a proposed county administrative code for fiscal court approval. This, we are unwilling to do for the simple reason that such a result would be ludicrous. Accordingly, we hold that the court erred by construing subsection (8) of KRS 67.710 to provide that the requirement of fiscal court approval of appointments to boards and commissions is not effective until an administrative code for the county has been submitted and approved.

II

Resolution of the second issue in this case is more difficult. The parties concede that KRS 67.710 is a general statute intended to comprehensively set out the powers and duties of county judge/executives. They disagree only as to the scope and applicability of subsection (8) of the statute. The pertinent sentence which caused the disagreement states: "With the approval of the fiscal court, make appointments to or

remove members from such boards, commissions, and designated administrative positions as the fiscal court, charter, law or ordinance *may create.*" (emphasis added).

In a nutshell, appellants contend that the statute was intended to apply to all county boards and commissions, including those created prior to January 2, 1978, even though the specific enabling legislation creating the board or commission may reserve the power of appointment solely to the county judge/executive, without any requirement that fiscal court approve his appointments. Appellee, on the other hand, contends that the statute, as drafted, manifests an intent that fiscal court approval is only required for appointments to boards and commissions first created after January 2, 1978, and then only to the extent that the statute creating the board or commission requires fiscal court approval. The issue is further complicated by the fact that at least two pre–1978 statutes reserving exclusive authority to the county judge to appoint board members have been amended since January 2, 1978, and the legislature failed in reenacting them, to make the county judge/executive's power to make the appointments subject to fiscal court's approval.

As legislation, subsection (8) of KRS 67.-710 is poorly drafted. We find ourselves unable to ascertain the exact legislative intent of the subsection by examining the language used. Accordingly, we must determine the legislature's intent by applying the rules of statutory construction. The court below, in finding that all appointments to boards and commissions are subject to fiscal court approval, relied upon the doctrine of amendment by implication, and found that KRS 67.710(8) was intended to amend by implication all statutes reserving exclusive authority to the county judge/executive to appoint members of county boards and commissions by engrafting to those statutes a requirement that any appointment made be approved by fiscal court. We agree with this finding.

■ KRS 67.710(8) conflicts with and is repugnant to several specific statutes because it requires fiscal court approval of a county judge/executive's appointments to boards and commissions, even though the statutes creating these agencies fail to reserve any such right to fiscal court. In such a situation, the conflicting statutes should be reconciled if possible. If reconciliation is not possible, the later statute controls. *Brown v. Hoblitzell*, Ky., 307 S.W.2d 739 (1956). Here, however, as appellee points out, it is possible to reconcile KRS 67.710(8) with the conflicting earlier statutes. This is so because KRS 67.710(8) states that fiscal court approval is necessary with respect to agencies the fiscal court, charter, law or ordinance "may create." In other words, it is arguable that the legislature intended that the requirement of fiscal court approval should only apply with respect to boards and commissions first created after January 2, 1978. As further evidence of such a legislative intent, appellee points to the fact that at least two pre–1978 statutes were amended by the legislature in 1980, without adding any requirement of fiscal court approval of appointments to those statutes.

■ Appellee's argument is even more appealing when we consider that as between legislation of a general nature on the one hand, which KRS 67.710 is, and legislation dealing with specific matters on the other, the specific is ordinarily held to prevail over the general. *City of Bowling Green v. Board of Education*, Ky., 443 S.W.2d 243 (1969); and also when we consider that there is a presumption that the legislature was cognizant of the pre–1978 statutes at the time they enacted KRS 67.-710(8). *Cook v. Ward*, Ky., 381 S.W.2d 168 (1964). Nevertheless, we are not prepared to hold that the court erred by applying the doctrine of amendment by implication.

■ The doctrine is not favored and ordinarily will not be applied. *City of Eddyville v. City of Kuttawa*, Ky., 343 S.W.2d

404 (1961). Therefore, before a statute may be considered amended by implication by a later statute, the two statutes must be repugnant to each other and be irreconcilable, or the later act must cover the whole subject of the earlier act. *Commonwealth v. Hallahan*, Ky., 391 S.W.2d 378 (1965); *Hallahan v. Sawyer*, Ky., 390 S.W.2d 664 (1965).

As noted earlier, KRS 67.710(8) and several pre–1978 statutes are repugnant, but not necessarily irreconcilable. Accordingly, unless KRS 67.710(8) covers the whole subject of these pre–1978 statutes, the court erred in finding that the latter statutes were amended by implication.[1] We hold that the statute does cover the whole subject of the pre–1978 statutes at least to the extent of the county judge/executive's power of appointment under those statutes.

Adoption of the judicial article in 1975 necessitated not only a complete revision of all statutes dealing with the court system, but also many statutes dealing with county government, especially those which mentioned the county judge since his judicial duties were terminated effective January 2, 1978. Prior to the Extraordinary Session of 1976, county judges were mentioned in at least hundreds of statutes. It would hardly have been possible prior to that session to have found and dealt with each such statute. We believe it is fair to state that the legislature, apparently cognizant of this fact, chose to enact one comprehensive statute setting forth the nature and extent of the powers and duties county judge/executives were to retain when their judicial powers terminated on January 2, 1978. Therefore, we hold that KRS 67.710(8) was intended by the legislature to amend by implication all pre-existing statutes which vested the county judge/executive with an unrestricted power to appoint the members of boards and commissions and to definitively set forth the precise nature, extent, and scope of that power for the future. If we have erred in our interpretation of the legislature's intent, that body may correct our error by remedial legislation.

So much of the court's judgment as declares that the Jefferson County Judge/Executive is vested with the sole authority to make appointments to or remove members from all boards, commissions, and designated administrative positions, subject to the approval of fiscal court, including those boards, commissions, and positions which already existed on January 2, 1978, is affirmed. Likewise, the adjudication that the requirement of fiscal court approval must be designated as such in the county administrative code or the county charter is also affirmed, but the adjudication that KRS 67.710(8) is not effective until the requirements of the statute are designated as such in the county administrative code or county charter is reversed. We also remand this case, with directions to adjudicate the remaining issues in this case, resolution of which is now necessitated in light of our rulings in these appeals.

All concur.

---

1. The trial court's decision was based in large part upon a review of certain recommendations and a report prepared by a Special Advisory Commission on County Government created by Executive Order. While the trial court apparently had access to these materials, this Court cannot consider them in deciding this case, because appellants failed to introduce them in evidence or make them part of the record. The attempt to do so by attaching them as exhibits to appellants' Reply Brief comes too late.