Gary W. GILLIS, Secretary of Revenue, and Billy Whittaker, Department of Property Taxation, Appellants,

v.

James Scott PRESTON, Johnson County Attorney, Appellee.

No. 87–CA–0906–S.

Court of Appeals of Kentucky.

Dec. 18, 1987.

Discretionary Review Denied By Supreme Court March 22, 1988.

James D. Brannen, Frankfort, for appellants.

Thomas J. Blaha, L. Owen Doyle, Paintsville, for appellee.

Before COOPER, LESTER and MILLER, JJ.

MILLER, Judge.

This is an appeal from a declaratory judgment entered by the Johnson Circuit Court. Kentucky Revised Statutes 418.-040; Civil Rules 57. On February 12, 1987, appellee, James Scott Preston, Johnson County Attorney, filed an action in the Johnson Circuit Court seeking a declaration of the right to fees from collection of delinquent taxes under KRS 134.500. He named as defendants: Appellants Larry Ward, Johnson County Court Clerk; Gary W. Gillis, Secretary of Kentucky Revenue Cabinet; and Billy W. Whittaker, Director, Division of Technical Support, Department of Property Taxation, Commonwealth of Kentucky.

The statute for our consideration provides, in relevant part, as follows:

134.500. COUNTY ATTORNEY TO SERVE NOTICE AND PROSECUTE ACTION ON CERTIFICATE OF DELINQUENCY OWNED BY A TAXING UNIT—REVENUE CABINET MAY PROSECUTE IF COUNTY ATTORNEY FAILS—CABINET TO SUPERVISE ALL ACTIONS—COMPENSATION.— (1) Within fifty (50) days after the issuance of a certificate of tax delinquency to the state, county and taxing district, *the county attorney shall cause a notice of the purchase to be served by the sheriff personally or by certified mail, return receipt requested,* on the person in whose name the property was assessed, and advise him that the certificate is a lien of record against his land that bears interest at twelve percent (12%) per annum, and if not paid the county attorney will proceed as provided by law to collect same. *A copy of the return of the sheriff or the return receipt shall be filed by the sheriff in the office of the county clerk in the manner prescribed by the revenue cabinet.* ....

(2) *The county attorney shall prosecute the remedy or remedies provided in this chapter that are most likely to effect collection of the amount due on the certificate of delinquency.* Upon the failure of the county attorney to give the notices provided in this section, or to prosecute the remedies for collection of certificates within twelve (12) months after the right to collect accrued, or to duly complete the performance of any other *duties* necessary to collect the claims of the state, county and taxing districts for taxes, the revenue cabinet may perform such *duties.*

(3) *The county attorney who prepares the notice and has it filed, as provided in subsection (1) of this section, and performs his other duties in respect to*

*the certificate of delinquency, shall be entitled to twenty percent (20%) of the amount due each taxing unit, whether the tax claim is voluntarily paid or is paid through sale or under court order,* and such commission shall be paid to him by the county clerk when making distribution, as provided in KRS 134.480. .... When the cabinet performs the *duties* of the county attorney without his assistance or cooperation, the fee which would otherwise be paid the county attorney shall be paid to the cabinet for deposit in the delinquent tax fund provided for under KRS 134.400. (emphasis added)

⋅ ⋅ ⋅ ⋅ ⋅

Under the foregoing statute, Preston maintains he is entitled to a 20% fee of all taxes collected after he has prepared the notice (referred to in Section 1) and delivered same to the sheriff. On the other hand, taxing officials maintain he is not entitled to the fee until he has caused the sheriff to serve the notice upon the delinquent taxpayer and the sheriff has filed a copy of the return or the certified mail receipt in the office of the county court clerk. The circuit court agreed with Preston. We reverse.

We reach our conclusion well knowing that the interpretation of a statute is a matter of law for the court. *See Louisville and Nashville Railroad Company v. Commonwealth ex rel. Kentucky Railroad Commission,* Ky., 314 S.W.2d 940 (1958). And, the cardinal rule in statutory construction is to determine the intent of the legislature. *See Fiscal Court Commissioners of Jefferson County v. Jefferson County Judge/Executive,* Ky.App., 614 S.W.2d 954 (1981); 73 Am.Jur.2d *Statutes,* § 145 et seq. (1974).

Under KRS 134.140, the sheriff is the tax collector. Taxes not paid in the time prescribed by law (KRS 134.020) become a lien upon the delinquent taxpayer's property. KRS 134.420(1). Delinquent tax claims are sold by the sheriff as provided by KRS 134.430 and .440. When a sale is made, the delinquent tax bill is known as a "certificate of delinquency." KRS 134.450(1). The purchaser is entitled to a certified copy

of said certificate. If there be no purchaser (no responsible bidder), the sheriff becomes the automatic purchaser in the name of the "state, county and taxing districts having an interest in the tax claim." KRS 134.450(2). In this latter case, the certificate of delinquency is delivered by the sheriff to the county clerk for filing. KRS 134.450(3).

It is at this point that KRS 134.500 addresses the collection of certificates of delinquency owned by the state, county and taxing districts. Collection is effected through the office of the county attorney. Simply stated, the statute requires that a "notice of purchase" by the government (and resulting ownership of the certificate of delinquency) be served by the sheriff upon the taxpayer. The notice shall contain the information required by KRS 134.-500(1), which, among other things, advises the delinquent taxpayer that the certificate is a lien upon his land. It is the sheriff's duty to make his return of service to the office of the county court clerk. KRS 134.-500(1).

The manifest purpose of KRS 134.500 is to acquire tax revenue by compelling the payment of taxes, not merely to direct perfunctory ministerial acts by the county attorney. The county attorney has the burden of (1) preparing the notice of purchase (sometimes referred to as "notice of sale of tax bill"); (2) delivering it to the sheriff; and, (3) assuring that the sheriff has performed, either personally or by mail, his duty of service. When he has done this, he is entitled to a fee equal to 20% of any taxes paid. No fee attaches to any taxes paid before the county attorney has performed all the foregoing duties. That is to say, all taxes paid before actual service upon the delinquent taxpayer are deemed voluntary and not collected under the provisions of the statute so as to entitle county attorney to the fee provided thereunder.

For the foregoing reasons, the judgment of the Johnson Circuit Court is reversed, and this cause is remanded with directions to enter judgment in conformance with this opinion.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

LESTER, J., concurs.

COOPER, J., dissents.