**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee.**

No. 89–CA–1636–S.

Court of Appeals of Kentucky.

March 2, 1990.

Reford H. Coleman, Elizabethtown, for appellant.

Oscar H. Geralds, Jr., E. Douglas Stephan, Lexington, for appellee.

Before HOWERTON, C.J., and LESTER and REYNOLDS, JJ.

LESTER, Judge.

United Services Automobile Association appeals from a summary judgment of the Fayette Circuit Court ordering it to pay $29,000 plus costs to State Farm Mutual Automobile Insurance Company in a declaration of rights action.

An automobile accident occurred on October 31, 1984, in Lexington involving Elizabeth Dabney, insured by State Farm, and Juan Hernandez, insured by USAA. As a result of Dabney's injuries, State Farm paid to her or on her behalf the sum of $30,000 under its policy which provided $10,000 basic reparation benefits and $20,000 added reparations benefits. State Farm then demanded reimbursement from USAA.

The issue submitted to the Court, both at the lower level and on appeal, is whether the provisions of KRS 304.39–010 et seq. provide to a reparation obligor the right to recover the full amount of its payments from the reparation obligor of a liable secured person, or to recover only to the extent of the basic reparation benefits paid.

KRS 304.39–070(3) provides in relevant part:

A reparation obligor shall have the right to recover *basic* reparation benefits paid to or for the benefit of a person suffering the injury from the reparation obligor of a secured person as provided in this subsection, except as provided in KRS 304.39–140(3).

(Emphasis added). Although this section makes no reference to added reparations benefits, KRS 304.39–070(4) does:

Any entitlement to recovery for *basic or added* reparation benefits paid or to be paid by the subrogee shall in no event exceed the limits of automobile bodily injury liability coverage available to the secured party after priority of entitlement as provided in this section and KRS 304.39–140(3) has been satisfied.

(Emphasis added). Likewise, KRS 304.39–140(3) refers to added benefits in setting priorities:

If the injured person, or injured persons, is entitled to damages under KRS 304.-39–060 from the liability insurer of a second person, a self-insurer or an obligated government, collection of such damages shall have priority over the rights of the subrogee for its reimbursement of *basic or added* reparation benefits paid to or in behalf of such injured person or persons.

(Emphasis added). Further, in establishing an arbitration association, KRS 304.39–290(1) states:

There is created a nonprofit unincorporated legal entity to be known as the Kentucky Insurance Arbitration Association to provide a mechanism for the reimbursement, among reparation obligors of losses paid as *basic or added* reparation benefits, based solely on the law of torts without regard to subsections (1), (2) and (3) of KRS 304.39–060.

(Emphasis added).

As found by the circuit court in discussing this issue:

From reading the entire statute, it must be observed that the legislature has made no real distinction between reparation obligors providing only basic benefits and reparation obligors who also provide added benefits in so far as a right of reimbursement is concerned. By KRS 304.39–140 all insurers who provide basic benefits must also provide added benefits upon request. The term "reparation obligor" by definition includes insurers providing basic benefits *or* added benefits.

(Emphasis in original). We agree that the statute is to be read in its entirety. All of the sections noted were in effect at the time of the accident. The cardinal rule of statutory construction is that the intention of the legislature should be ascertained and

given effect. *Fiscal Court Commissioners of Jefferson County v. Jefferson County Judge/Executive*, Ky.App., 614 S.W.2d 954 (1981), citing *Fiscal Court of Jefferson County v. Louisville*, Ky., 559 S.W.2d 478 (1977). We agree with the circuit court that the legislative purpose of providing a right of recovery for reparations obligors providing added as well as basic benefits is clearly expressed. It is axiomatic that the words of a statute are to be given their plain meaning unless to do so would constitute an absurd result. *Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984). Here the result would appear absurd if the legislature set up a means of recovering added benefits when there was no right to do so.

The judgment of the Fayette Circuit Court is hereby affirmed.

All concur.