**Santrice BYBEE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 93–CA–001012–MR.

Court of Appeals of Kentucky.

Dec. 23, 1994.

Rehearing Granted and Opinion Modified Aug. 18, 1995.

---

4. In that case as well as in the instant case, the *young mother* claimed that her baby was dead at birth, and she disposed of the baby by placing it in a dumpster. She was charged with murder, and she claimed she was entitled to an instruction on concealing a birth.

Elizabeth A. Hill, Thomas Louis Conn, Fayette County Legal Aids, Lexington, for appellant.

Chris Gorman, Atty. Gen., Paul D. Gilbert, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

Before LESTER, C.J., and COMBS and JOHNSON, JJ.

### OPINION AFFIRMING

JOHNSON, Judge:

Santrice Bybee (Bybee) was convicted of receiving stolen property (Kentucky Revised Statutes (KRS) 514.110). The particular facts of this case are not relevant to the sole issue raised in this appeal, i.e., the constitutionality of KRS 514.110(3).

KRS 514.110, which became effective January 1, 1975, states that:

(1) A person is guilty of receiving stolen property when he receives, retains or disposes of movable property of another knowing that it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.

(2) The possession by any person of any recently stolen movable property shall be prima facie evidence that such person knew such property was stolen.

(3) Receiving stolen property is a Class A misdemeanor unless the value of the property is $100 or more, in which case it is a Class D felony.[1]

---

1. KRS 514.110(3) was amended effective July 15, 1994, to raise the felony threshold from $100 to $300.

The essence of Bybee's constitutional challenge is that the "$100 or more" demarcation between misdemeanor and felony is unconstitutional in light of the 1992 amendments to KRS Chapter 514, which increased the felony threshold to "$300 or more" for other theft and theft-related crimes. Bybee argues that the application of KRS 514.110(3) would result in an absurdity in a situation where the actual thief who stole property valued at two hundred and fifty dollars ($250.00) would be guilty of a misdemeanor while the person who possessed the stolen property would be guilty of a felony. Bybee contends that KRS 514.110(3) is unconstitutional because it deprives a person prosecuted under it of the guarantees of equal protection, due process and fundamental fairness, and that the one hundred dollar ($100.00) amount is arbitrary and bears no rational relation to any specific state objective.

We must presume that the Legislature chose to retain the "$100 or more" felony threshold for receiving stolen property since there is a presumption that the Legislature is cognizant of preexisting statutes at the time it enacts later statutes. *Fiscal Court Com'rs of Jefferson County v. Jefferson County Judge/Executive*, Ky.App., 614 S.W.2d 954, 958 (1981). KRS 514.110(3) does not conflict with any other statute, and its meaning is clear and unambiguous. Therefore, we must follow the "cardinal rule of statutory construction," which is to give effect to the manifest intention of the Legislature. *Id.* at 957. It is inappropriate for a court to speculate that the Legislature failed to amend KRS 514.110(3) when it amended other theft and theft-related statutes. *Id.* Contrary to Bybee's argument, the possibility that the Legislature considered receiving stolen property to be a more serious offense is not "absurd" on its face.

In effect, Bybee argues that the later 1992 amendments to KRS Chapter 514 impliedly amended KRS 514.110(3). But the law is clear that "before a statute may be considered amended by implication by a later statute, the two statutes must be repugnant to each other and be irreconcilable, or the later act must cover the whole subject of the earlier act." *Id.* at 959. Such is not the case here. The judgment of the Fayette Circuit Court is affirmed.

All concur.