Sandra K. BAUER, on her own behalf and as administratrix of the estate and personal representative of Jacqueline S. Bauer, Plaintiff–Appellant,

v.

CSX TRANSPORTATION, INC., Defendant–Appellee.

No. 99–4545.

United States Court of Appeals, Sixth Circuit.

Jan. 8, 2001.

**304**

Before RYAN and NORRIS, Circuit Judges, and EDGAR, Chief District Judge.*

EDGAR, Chief District Judge.

The present wrongful death arose from a collision between an automobile driven westbound by Jacqueline S. Bauer and a locomotive owned and operated by CSX Transportation, Inc. ("CSX"). The accident occurred at the intersection of Poe Road and CSX's railroad tracks in Wood County, Ohio. Sandra Bauer ("Bauer"), the decedent's mother, filed this action, alleging that the railroad negligently failed to maintain a safe railroad crossing and negligently failed to sound appropriate warning devices when approaching the crossing. Upon motion by CSX, the district court granted summary judgment for CSX. We now affirm.

This Court reviews a district court's award of summary judgment *de novo*. *Bowman v. Shawnee State Univ.*, 220 F.3d

* The Honorable R. Allan Edgar, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

456, 461 (6th Cir.2000); *Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment will be rendered only if there is no genuine issue as to any material fact. FED. R. CIV. P. 56; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of demonstrating that no genuine issue of material fact exists, and the Court must view all facts in the light most favorable to the nonmoving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280–81 (6th Cir. 1997).

In the present case, the district court properly found the absence of any genuine issue of material fact regarding any negligence by CSX. In making this determination, the district court noted the uncontroverted proof, in the form of photographs of the Poe Road crossing, that an approaching train would have been clearly visible to a westbound motorist. This proof was supported by affidavit testimony from individuals who examined the scene after Bauer's accident. In light of such proof, Bauer cannot sustain the claim that CSX negligently failed to remove obstructive vegetation from the Poe Road crossing. Since the train was plainly visible to approaching motorists, extra visual warning devices were unnecessary.

Additionally, the undisputed record evidence indicates that the train conductor audibly sounded the train's warning devices. The train conductor acknowledged that the bells and horn were sounded. In corroboration, CSX points to the affidavit

testimony of other individuals who were present at the time of Bauer's accident and heard the train's warning sounds. In response, Bauer simply points to the affidavit testimony of one individual who was not certain if he heard the train's audible warning devices. This proof does not raise a genuine issue of material fact as to CSX's alleged negligence.

Prior to oral argument before this Court, CSX raised the additional defense that some of Bauer's claims of negligence are preempted by the Federal Railroad Safety Act of 1970 and its implementing regulations. *See Norfolk Southern Railway Co. v. Shanklin,* 529 U.S. 344, 120 S.Ct. 1467, 146 L.Ed.2d 374 (2000)(addressing federal preemption of state law negligence claims against railroads who erect warning devices with federal funds). Generally, this Court will not consider issues that were not passed upon by the lower court. *United States v. Hayes,* 218 F.3d 615, 619–20 (6th Cir.2000); *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 326 n. 6 (6th Cir.1999). Moreover, in light of the fact that Bauer has failed to demonstrate the existence of any genuine issue of material fact with respect to CSX's alleged negligence, this Court need not address the issue of preemption.

In sum, the district court's judgment dismissing Bauer's claims against CSX is AFFIRMED.