**Densel WOODSMALL, Plaintiff,**

v.

**ECLIPSE MANUFACTURING CO., INC., Defendant.**

**No. 1:01–CV–21.**

United States District Court, E.D. Tennessee, at Chattanooga.

Jan. 23, 2002.

Anita B. Hardeman, Harry F. Burnette, Burnette, Dobson & Hardeman, Chattanooga, TN, for plaintiff.

William H. Pickering, Chambliss, Bahner & Stophel, PC, Chattanooga, TN, Alaric A. Henry, Melissa A. Moreau, Luther Anderson, PLLP, Chattanooga, TN, for defendant.

### *MEMORANDUM AND ORDER*

EDGAR, Chief Judge.

Plaintiff Densel Woodsmall brings this action against his former employer, Eclipse Manufacturing Co., Inc. ("Eclipse"), pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Woodsmall claims that Eclipse fired him from his job as plant manager because of his age. Presently before the Court is Eclipse's motion for summary judgment. For the following reasons, this motion (Court File No. 23) shall be **DENIED**.

## I. *Standard of Review*

FED. R. CIV. P. 56(c) provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280–81 (6th Cir.1997); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir.1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *White*, 909 F.2d at 943–44; *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *60 Ivy Street*, 822 F.2d at 1435–36. The standard for summary judgment mirrors the standard for directed verdict. The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505; *see also Lapeer County, Mich. v. Montgomery County, Ohio*, 108 F.3d 74, 78 (6th Cir.1997). There must be some probative evidence from which the jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Bailey v. Floyd County Bd. of*

*Educ.*, 106 F.3d 135, 140 (6th Cir.1997). If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505; *University of Cincinnati v. Arkwright Mut. Ins. Co.*, 51 F.3d 1277, 1280 (6th Cir.1995); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir.1993).

## II. Facts

For purposes of ruling on Eclipse's motion for summary judgment, the Court views the facts in the light most favorable to Woodsmall, the nonmoving party. The factual findings contained herein are made solely for the purpose of ruling on the present motion. Additional facts shall be discussed at relevant points in the Court's analysis below.

Eclipse manufactures component parts for a wide variety of customers in many types of industries. The company manufactures products such as lawn mower parts by metal stamping. The company's headquarters is in Sheboygan, Wisconsin.

During the 1980s Eclipse began considering the idea of opening a satellite manufacturing plant in the southeast. In 1988 Eclipse chose Pikeville, Tennessee for its new plant location. The satellite plant opened in 1989. Three employees worked in the new plant when it opened.

As the plant grew, Eclipse determined that a plant manager was needed in Pikeville. Densel Woodsmall was the only applicant for the position. Although Woodsmall lacked prior experience in the metal stamping business, he had vast experience working as a plant manager in an industrial setting. Richard Leicht, Jr., Eclipse's president, and Jeffrey Leicht ("Leicht"), Eclipse's vice president in charge of operations, decided to hire plaintiff. Woodsmall became the Pikeville facility's plant man-

ager in 1992. At that time he was fifty years old.

Under Woodsmall's guidance, the Pikeville plant grew from between fifteen and twenty-five employees to more than eighty. The physical plant expanded from 11,000 square feet to 65,000 square feet. The plant increased the number of presses it ran from three to fifteen. When Woodsmall started his job as plant manager, the plant ran for one shift during the day. Over time, it began running three continuous shifts and requiring overtime work to meet production needs.

Woodsmall received a raise in pay and a bonus each year he worked as plant manager with the exception of his final year of employment, during which the company froze all wages. He enjoyed excellent customer ratings and rapport. All of his performance evaluations through 1997 were positive. Part of Woodsmall's written job description required him to "[a]ttract the new, young persons into technical training positions within the company." (Plaintiff's Ex. A). Woodsmall contends that Leicht continually instructed him to recruit young technical personnel.

During Woodsmall's 1997 performance review, Leicht expressly noted that Woodsmall had ten years to go before he reached retirement age. (Plaintiff's Ex. D). He told Woodsmall that he didn't realize plaintiff was "that old." Leicht stated that "[w]e don't need someone here waiting to retire." Leicht's own deposition testimony acknowledges that he could have made this statement. Plaintiff contends that his relationship with Leicht then began to deteriorate.

Around this time, Woodsmall began thinking ahead toward retirement. In the latter part of 1998, at the age of fifty-seven, Woodsmall inquired about the retirement benefits for which he would be eligible at the age of sixty-two. Woods-

mall wanted to compare those benefits with those he would be eligible for at the age of sixty-five. Lynne Keene, a senior benefits administrator, provided this information on or about August 13, 1998. (Plaintiff's Ex. E).

Sometime in 1998 or 1999, Leicht appointed Jim Morgan, who Woodsmall had hired as a part-time production worker, as a "corporate trainer." Morgan watched Woodsmall's management of the plant and reported all perceived negative occurrences to the Leichts. (Morgan aff.).

Also around this time Terri Dempsey complained to Eclipse that Woodsmall had been sexually harassing her. She stated that Woodsmall occasionally rubbed her shoulder when she sat at her computer, placed his hand on her pants-clad knee a couple of times while he showed her how to perform a task, seemed to brush close to her as he passed by, and sometimes complimented her on her appearance. Dempsey also told Eclipse management that she believed that Woodsmall wanted to kiss her on one occasion. These complaints were never formalized or investigated. Woodsmall was never made aware of any complaints during his employment with Eclipse. Leicht chose not to discuss the matter with Woodsmall because he "absolutely" believed Dempsey. (Leicht depo., p. 85). Woodsmall denies that he sexually harassed Dempsey at any time.

In 1999, Eclipse decided to reorganize the Pikeville plant. The responsibility of placing order information into the computer system was taken from Woodsmall and given to Dempsey. Eclipse disregarded the fact that Dempsey was recognized as being immature in her work habits, attributing that problem to her age. Dempsey was under thirty years old. (Plaintiff's Ex. F). Woodsmall had already experienced problems with Dempsey's absenteeism and performance errors. He asserts that her poor habits continued to under-

mine his performance as plant manager in 1999.

Although 1999 was one of Pikeville's most profitable years, Woodsmall's summer performance evaluation was negative. During the performance review, Leicht repeated that he did not want people waiting around to retire. He admitted that the decision to terminate Woodsmall had already been made for all intents and purposes, but that Eclipse was waiting for the most opportune time to carry out the inevitable. Leicht admitted that it would be easier and better for Eclipse if Woodsmall chose to resign.

In January 2000, Leicht called Woodsmall into his office and terminated his employment. His termination letter stated that the termination was due to profitability, communication, and compliance. The letter did not mention Dempsey's sexual harassment complaint. Woodsmall was fifty-nine at the time of his termination.

Beginning on the day Woodsmall was fired, Leicht began acting as the plant manager. Eclipse did not search for a new plant manager, planning to transition Morgan into that position. When Morgan proved to be the wrong choice, Eclipse hired Donald Schomisch in June 2000. Schomisch was fifty-three years old at that time. Following Woodsmall's termination, the Pikeville plant has decreased in size to approximately forty-five employees, and all presses were silent during what had previously been the first shift.

Woodsmall timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). He then filed this lawsuit.

### III. Analysis

█ Plaintiff asserts only one claim in this lawsuit. He contends that Eclipse

terminated his employment because of his age in violation of the ADEA. The parties do not dispute the legal analysis that applies to this case. Claims of age discrimination are analyzed under a variant of the well-established framework first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2105, 147 L.Ed.2d 105 (2000). First, the plaintiff must establish a *prima facie* case of discrimination through direct or circumstantial evidence. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 310–11, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 341 (6th Cir.1998); *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1179 (6th Cir.1996). If the plaintiff succeeds in carrying this burden, the defendant must then articulate a legitimate, non-discriminatory reason for the plaintiff's termination. *Reeves*, 120 S.Ct. at 2106, 120 S.Ct. 2097; *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 370 (6th Cir.1999); *Barnett*, 153 F.3d at 341. However, the ultimate burden of persuading the trier of fact that discrimination occurred remains with the plaintiff. *Reeves*, 120 S.Ct. at 2106; *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Thus, after the defendant articulates a legitimate, non-discriminatory reason for its action, the burden of proving that the asserted reason was pretext shifts back to the plaintiff. *Godfredson*, 173 F.3d at 370; *Barnett*, 153 F.3d at 341.

■ The Court finds that plaintiff has sustained his burden of demonstrating a *prima facie* case of discrimination with direct evidence. According to the facts viewed in the light most favorable to plaintiff, Woodsmall was directed by Eclipse to recruit "young employees." This requirement was listed in the written job description for the plant manager position. Dur-

ing Woodsmall's 1997 performance review, Leicht realized that plaintiff was in his late fifties. He commented at the time that he didn't realize plaintiff was that old. Leicht then commented that he didn't need anyone working at Eclipse who was 'waiting for retirement.

■ In the alternative, Woodsmall can establish a *prima facie* case of discrimination based upon circumstantial evidence. A plaintiff can establish a *prima facie* case of age discrimination by showing that (1) he was within the protected class of individuals; (2) he was qualified for the position in question; (3) he was subjected to an adverse employment action; and (4) the position was filled by a substantially younger individual. *O'Connor v. Consolidated Coin Caterers Co.*, 517 U.S. 308, 310–11, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 341 (6th Cir.1998); *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1179 (6th Cir.1996). Eclipse argues that Woodsmall cannot establish the second and fourth elements of his claim.

■ First, Eclipse contends that Woodsmall was not qualified for the position of plant manager because he was not performing up to Eclipse's subjective expectations. However, Eclipse has admitted that Woodsmall performed that position satisfactorily between 1992 and at least 1996. Although Eclipse management noted that Woodsmall had problems with the company's materials requirements planning ("MRP") system to track orders, Eclipse "chose not to make these MRP problems an overwhelming concern because of the plant's continual growth" under Woodsmall's supervision. (Defendant's brief, p. 4). Moreover, Woodsmall has all of the educational and background requirements for Eclipse's plant manager position. The Court finds that he can

sustain his burden with respect to this element of his claim.

■ Second, Eclipse argues that Woodsmall was not replaced by a substantially younger employee because Woodsmall was fifty-nine at the time of his termination and Schomisch was fifty-three years old when hired. However, Schomisch was not hired until June 2000, six months after Woodsmall was terminated. By that time, Woodsmall had notified Eclipse's human resources director that he was considering legal action because of his termination. During the interim, the position duties were filled by Leicht, who was forty-six at the time.

■ Moreover, the Supreme Court has clearly articulated that the purpose of a *prima facie* case of age discrimination is to provide evidence "adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). For that reason, a ADEA plaintiff does not have to prove that he was replaced by someone outside the protected class. *Id.* In the present case, Woodsmall has presented proof about the circumstances surrounding his replacement that is sufficient to create an inference that he was terminated because of his age.

■ As plaintiff has sustained his *prima facie* case burden, the burden of production now shifts to defendant to articulate a legitimate, non-discriminatory reason for plaintiff's termination. Eclipse contends that Woodsmall was fired because of his dictatorial management style and for sexually harassing Dempsey. Either of these reasons, if proven, provide a legitimate, non-discriminatory reason for plaintiff's termination.

■ However, the Court finds that Woodsmall has sustained his burden of

demonstrating a genuine issue of material fact as to whether Eclipse's articulated reasons are a mere pretext for discrimination. First, the Court notes that the reasons contained in Woodsmall's termination letter-profitability, communication, and compliance—are different from those now articulated. "An employer's changing rationale for making an adverse employment decision can be evidence of pretext." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1167 (6th Cir.1996). Moreover, nothing in the record indicates that Eclipse attributed its decision to fire Woodsmall to plaintiff's management style or to sexual harassment at the time the termination decision was made. Eclipse management admits that the company never conducted an investigation into Dempsey's allegations of sexual harassment. The allegations were never even mentioned to Woodsmall. Considering all of the facts in the record, the Court finds that Woodsmall has sustained his summary judgment burden. Defendant is not entitled to summary judgment.